IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DERRICK THOMAS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 13-0552-WS-M |
| ADAM GLASS, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint under 42 U.S.C. § 1983 and a Motion for Leave to Proceed In Forma Pauperis (Docs. 1, 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, and is before the Court for Plaintiff's failure to prosecute and to comply with the Court's Order.

When Plaintiff initiated this action, he was incarcerated in the Conecuh County Jail, and his claims were filed on the Court's form for a § 1983 complaint. On December 16, 2013, Plaintiff filed a Notice of Change of Address (Doc. 5) and filed a handwritten Amended Complaint (Doc. 6). Since Plaintiff's Amended Complaint (Doc. 6) was not on the Court's § 1983 complaint form, Plaintiff was ordered to file his claims on the Court's form for a § 1983 action not later than May 16, 2014. Plaintiff was also ordered to include all of his claims in the

Second Amended Complaint so there would be no need for further amendments (Doc. 7).  Plaintiff was warned that his failure to file a complaint within the prescribed time or to file one that complies with Rule 8(a) would result in the dismissal of his action for failure to prosecute and to obey the Court's Order (Doc. 7).  The Order was mailed to Plaintiff at P. O. Box 483, Evergreen, Alabama 36401, his last known address (Doc. 5).  To date, Plaintiff has not responded to the Court's Order, nor has the Order been returned as undeliverable. The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v.

Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

DONE this 29th day of May, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE